# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDDIE JAMES McDOUGAL, JR.,**

    **Plaintiff,**

    v.                                              Case No. 18-cv-1218

**JANINE MONTOYA,** *et al.*,

    **Defendants.**

## ORDER

Plaintiff Freddie James McDougal, Jr. filed a lawsuit against various officials at the Milwaukee County Jail based on allegations that he was given food to which he is allergic and then did not receive proper medical treatment. He has moved to amend his complaint and filed several motions relating to discovery, along with a motion for summary judgment and a motion for default judgment. I will address each motion in turn.

1. *Motions to Amend Complaint*

McDougal filed two motions to amend his complaint. (Docket # 44, 53.) The first motion did not comply with Civil Local Rule 15(a), which requires a party moving to amend their complaint to include a proposed amended complaint with their motion. That motion contains a request to extend deadlines, too, which I will address below. But I will deny the portion of McDougal's motion that asks to amend his complaint for failure to comply with the Local Rules.

McDougal filed another motion to amend his complaint and included the required proposed amended complaint. (Docket # 53.) According to the motion, McDougal received

more information in discovery about "times, dates and other people who were [present]." (*Id.* at 1.) It also seems there may have been some delays in receiving discovery due to issues with mail delivery. (*Id.* at 1–2.) The defendants oppose the motion, arguing that the date to amend had passed over a month before McDougal filed his motion and that McDougal had the discovery for nearly a month before moving to amend. (Docket # 55 at 2.)

A plaintiff may amend their complaint *once* as a matter of course (within certain parameters). Fed. R. Civ. P. 15(a)(1). After that, a plaintiff must ask for—and be granted—the court's leave. Fed. R. Civ. P. 15(a)(2). Alternatively, a plaintiff can seek the opposing party's consent. *Id.* Leave to amend should be freely given by the court. Fed. R. Civ. P. 15(a)(2); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011). But a court may deny leave to file an amended complaint in the case of undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

I do not find that McDougal's motion to amend his complaint is made in bad faith or an attempt to delay his complaint. He has not previously moved to amend. However, I do find that allowing McDougal to amend his complaint would be futile, at least in part. A proposed amendment is futile where it would not survive a motion to dismiss. *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). A case will not survive a motion to dismiss where it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

2

Case 2:18-cv-01218-PP-NJ   Filed 08/28/20   Page 2 of 8   Document 79

McDougal proposes to add the Milwaukee County Jail and Armor Correctional Health Services as defendants, neither of which he can add. First, the jail is not a proper defendant because it cannot be sued. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The jail is not a person. It is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under § 1983. *See Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. *Webb v. Franklin County Jail*, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the County. *See Abraham v. Piechowski*, 13 F. Supp.2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." *Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004)).

Second, McDougal *could* sue Armor, but only in limited circumstances. McDougal states he wants to sue Armor because it was "responsible for the medical treatment . . . of all the inmates at [the] Jail." (Docket # 53-2 at 2.) However, there is no employer liability based on *respondeat superior* under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). That is, *Monell* holds that a municipal entity or a related corporate entity like Armor *can* be liable under § 1983, but not simply because its employees violated a plaintiff's constitutional rights. *Id.* at 694. Instead, a municipality or, in this instance, Armor, can be liable for a constitutional violation only when the violation is

3

brought about by (1) its express policy, (2) a widespread, though unwritten, custom or practice, or (3) a decision by an agent with "final policymaking authority." *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009). McDougal's proposed amended complaint does not contain any allegations that he did not receive adequate medical care because of a policy or practice or a decision by a policymaker. Therefore, Armor is not a proper defendant.

McDougal also asks to add Samantha R. Markwardt as a defendant. However, he does not need to amend his complaint to do so. He initially sued a "Nurse Samantha." When the United States Marshal Service was unable to locate a "Nurse Samantha" for service and McDougal could not identify her either, I substituted a Jane Doe placeholder for Nurse Samantha. (Docket # 30.) I instructed him to use discovery to identify her and then file a motion to substitute once he found her identity. (*Id.*, Docket # 38 at 1.) McDougal did file a letter identifying her. (Docket # 49.) However, the letter—rather than a motion to substitute—did not alert the court to take action to add Markwardt to the case and serve her. However, I will add her as a defendant now and direct the Clerk of Court's office to begin the process of service.

The remaining differences between McDougal's original complaint and his proposed amended complaint are additional factual allegations. However, a complaint need not contain every fact supporting McDougal's claims against the defendants. In federal lawsuits, a plaintiff only needs to fulfill requirements of "notice pleading." That is, he is only required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). He must, in short, put the defendants on notice of what claims he is bringing against them. While he will be able to—and will be required to—provide additional

4

information and the evidence to support at it at summary judgment and/or trial, it does not all need to be in his complaint.

Allowing McDougal to amend his complaint would be futile with respect to the jail and Armor and is unnecessary with respect to Markwardt. His additional factual allegations are also unnecessary. Therefore, I will deny his second motion to amend his complaint.

Finally, McDougal also filed a motion to supplement his complaint. (Docket # 67.) He asks for leave to supplement his damages request. In his original complaint, he says he is seeking $250,000 because he could have died. (Docket # 1 at 5.) He does not specify what type or types of damages he seeks—only the amount. I understand that McDougal may not have understood how to plead damages when he filed his original complaint. I will grant his motion and construe his complaint as requesting compensatory and punitive damages. The amount of those damages will be determined if and when the defendants are found liable.

2. *Discovery Motions*

McDougal has also filed three motions to compel. He moved to withdraw the first motion, so I will grant his motion to withdraw and deny as moot his first motion to compel. In his second motion to compel, McDougal seeks an order compelling the county defendants (Montoya, Deberry, and Chamblise) to produce certain documents. (Docket # 65.) In his third motion to compel, McDougal asks me to compel all of the served defendants (Montoya, Deberry, Chamblise, and Decker) to respond to requests for admission. (Docket # 66.)

There are two problems with McDougal's motions to compel. First, counsel for the county defendants and counsel for Decker have stated that McDougal never served these requests on them prior to filing his motions with the court. (Docket # 68 at 2; Docket # 69

5

Case 2:18-cv-01218-PP-NJ    Filed 08/28/20    Page 5 of 8    Document 79

at ¶ 6.) This is related to the second problem. Civil Local Rule 37(a) requires that any motion to compel include a certification that the moving party tried, in good faith, to resolve the issue with the other party. McDougal does not make any such certification. Had he reached out to counsel for the defendants prior to filing his motions, he may have realized he had not yet served the discovery requests. Because McDougal did not certify he tried to work out with the defendants' attorneys, let alone serve them with the discovery requests, I will deny his motions to compel without prejudice.

 3. *Motion for Default and Motion for Summary Judgment*

McDougal filed a motion for summary judgment the same day that I stayed the upcoming dispositive motion deadline based on the defendants' motions asking that I do so. He then filed a motion asking me to enter default judgment against the defendants because they did not respond to his motion. However, the defendants were not required to respond. I will deny the motion for default. I will also deny without prejudice McDougal's motion for summary judgment. There is still a defendant who needs to be served, and it will be more efficient for summary judgment to proceed together rather than in piecemeal groups of defendants. If McDougal decides he wants to re-file his motion, he may do so once all the parties are part of this lawsuit and discovery is closed.

 4. *New Deadlines*

McDougal moved to extend discovery and the dispositive motion deadline in his first motion to amend his complaint. The county defendants agreed that discovery should be extended. (Docket # 50 at 3.) Given that another defendant (Samantha Markwardt) needs to be served and file a responsive pleading, I will keep the deadlines stayed until she appears

6

Case 2:18-cv-01218-PP-NJ   Filed 08/28/20   Page 6 of 8   Document 79

and responds to the complaint. If the currently served parties wish to continue to engage in discovery, they may do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that McDougal's motion to amend his complaint and to extend time (Docket # 44) is **GRANTED IN PART AND DENIED IN PART**. McDougal's request to amend his complaint is denied and his motion to extend time is granted. New discovery and dispositive motion deadlines once defendant Samantha Markwardt files an answer to the complaint.

**IT IS FURTHER ORDERED** that Samanta Markwardt shall be substituted for the Jane Doe Nurse placeholder. The Clerk of Court's office shall transmit a copy of the complaint, the screening order, and this order to the United States Marshal Service to effect service on her.

**IT IS ALSO ORDERED** that McDougal's motion to withdraw his first motion to compel (Docket # 54) is **GRANTED**. His first motion to compel (Docket # 43) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that McDougal's second motion to amend his complaint (Docket # 53) is **DENIED**.

**IT IS ALSO ORDERED** that McDougal's motion to supplement (Docket # 67) is **GRANTED**. I will construe McDougal's complaint as asking for compensatory and punitive damages.

**IT IS FURTHER ORDERED** that McDougal's motions to compel (Docket # 65, 66) are **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that McDougal's motion for default judgment (Docket # 73) is **DENIED**.

**IT IS FURTHER ORDERED** that McDougal's motion for summary judgment (Docket #62) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 28th day of August, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge