UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE JAMES MCDOUGAL, JR.,

                Plaintiff,

v.                                              Case No. 18-cv-1218-bhl

JANINE MONTOYA, et al.,

                Defendants.

## DECISION AND ORDER

      Plaintiff Freddie McDougal, an inmate at the Milwaukee House of Corrections who is representing himself, is proceeding on deliberate indifference claims based on allegations that Defendants failed to adequately respond to his medical concerns while he was housed at the Milwaukee County Jail. On January 16, 2020, McDougal filed a motion for summary judgment. Dkt. No. 62. The Court denied the motion without prejudice on August 28, 2020. Dkt. No. 79. Magistrate Judge Nancy Joseph, to whom the case was referred for the handling of pretrial matters, noted that there was still a defendant who needed to be served and that it would be "more efficient for summary judgment to proceed together rather than in piecemeal groups of defendants." *Id.* at 6. She informed McDougal that he could refile his motion "once all the parties are part of this lawsuit and discovery is closed." *Id.*

      On January 8, 2021, Defendants Samantha Markwardt and Brandon Decker separately moved for summary judgment on the ground that McDougal failed to exhaust his available administrative remedies before filing his complaint. Dkt. Nos. 90, 93. A few days later, the Court informed McDougal that under Civil L. R. 56(b)(2), his response materials were due on February

8, 2021.  Dkt. No. 99.  The Court also warned McDougal that under Civil L. R. 7(d) a party's failure to respond to a motion was sufficient cause for the Court to grant the motion based on the party's noncompliance.  The Court ordered McDougal to either respond to Markwardt and Decker's motions or to request additional time to do so by February 8, 2021.  The deadline passed, and McDougal did not respond to the motions nor did he request additional time to do so.  Because McDougal did not oppose the motions, the Court granted the motions on February 17, 2021, and dismissed McDougal's claims against Markwardt and Decker.  Dkt. No. 102; *see also* Fed. R. Civ. P. 56(e)(2-3).

A month later, on March 17, 2021, McDougal wrote a letter to the Court.  Dkt. No. 104.  Before addressing the substance of the letter, the Court notes that it disfavors letters because information and requests for relief contained in letters are not properly before the Court.  Parties who are asking the Court to do something or to make a decision, as McDougal is, must file a motion so that the opposing party has an opportunity to respond.  In his letter, McDougal explains that he is indigent and cannot afford stamps, writing supplies, or copies.  He asks the Court "to resubmit[] the motion for summary judgment and the proposed finding of facts" that he submitted on January 16, 2020.  *Id.* at 1.  McDougal also notes that he "would like to get another chance to respond" to Markwardt and Decker's motions.  *Id.* at 2.  He does not explain why he failed to timely respond, but he does assert that he was in segregation at the time his response materials were due.  Markwardt and Decker both responded to McDougal's letter and asked the Court to deny his request for a second chance to respond.  Dkt. Nos. 105, 106.

The Court will deny McDougal's request that he be allowed another opportunity to respond to Markwardt and Decker's motions.  The Court acknowledges that McDougal is pro se, but he had ample notice of his responsibility to respond and the consequences for failing to do so.  The

Court provided McDougal with copies of Federal Rule of Civil Procedure 56 and Civil Local Rules 7 and 56 along with the scheduling order, Markwardt and Decker provided copies of these rules along with their motions, and the Court informed McDougal of his response deadline and the consequences for failing to respond a few days after Markwardt and Decker filed their motions. Now, more than a month after his response materials were due, McDougal asks for more time, asserting that he was in segregation when the deadline passed. But McDougal does not explain why his placement in segregation prevented him from responding or from asking the Court to give him additional time to respond. The Court regularly receives filings from inmates housed in segregation, so without more information, the Court cannot conclude that his placement in segregation is sufficient justification for granting the relief he seeks. Because allowing McDougal another chance to respond despite his unjustified violations of rules and orders would be unfair to Markwardt and Decker, the Court will deny McDougal's request. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that a court has discretion to enforce procedural requirements, even against a pro se litigant).

The Court will, however, grant McDougal's request to renew his request for summary judgment. McDougal asserts that he does not have money to purchase paper or stamps. The Court takes this to mean he intends to renew his previously denied motion without supplementation. To be clear, McDougal may not file additional materials in support of his renewed motion. The Court notes that the current dispositive motion deadline is May 26, 2021, so for the sake of efficiency and to conserve resources, the Court will extend Defendants Janine Montoya, Amanda Deberry, and Monique Penn's response deadline to May 26, 2021. Defendants may file a combined response and summary judgment motion, if they so choose.

**IT IS THEREFORE ORDERED** that McDougal's request for additional time to respond to Markwardt and Decker's summary judgment motions (Dkt. No. 104) is **DENIED**.

**IT IS FURTHER ORDERED** that McDougal's request to refile his January 16, 2020 summary judgment materials (Dkt. No. 104) is **GRANTED**. The clerk's office is directed to refile Dkt. Nos. 62-64 as new docket entries.

**IT IS FURTHER ORDERED** that Defendants' deadline to respond to McDougal's summary judgment motion is **EXTENDED** to **May 26, 2021**. Defendants may file a combined response and summary judgment motion, if they so choose.

Dated at Milwaukee, Wisconsin this 9th day of April, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge